UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------- :
CANDLEWOOD AESTHETICS            :
MED SPA AND LASER CENTER         :
                                 :
    Plaintiff,                   :
                                 :
vs.                              :
                                 :
CUTERA, INC.                     :
                                 :
    Defendant.                   :    MARCH 5, 2018
------------------------------------------------- 

## COMPLAINT

### NATURE OF THE ACTION

1.    This is an action for damages arising from breach of contract and for unfair trade practices under the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110b ("CUTPA").

### PARTIES

2.    Candlewood Aesthetics Med Spa and Laser Center ("Candlewood") is an unincorporated business with its principal place of business located at 103 Newton Road, Danbury, Connecticut.

3.    Cutera, Inc. ("Cutera") is a Delaware corporation having its principal place of business at 3240 Bayshore Blvd, Brisbane, California.

### JURISDICTION AND VENUE

4.    This Court has diversity jurisdiction over the instant action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity among the parties and because the amount in controversy exceeds $75,000 exclusive of interest and costs.

5.  Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District and the medical device at issue is located in this District.

## FACTS

6.  Candlewood specializes in non-invasive revitalizing and rejuvenating procedures for both men and women.

7.  The owner of Candlewood is Mahalingam Satchi, M.D., FACOG, MRCOG (Gr. Britain).

8.  In June 2017, Candlewood purchased a truSculpt 3D body sculpting device from Cutera.

9.  The truSculpt device and the amounts paid by the Plaintiff to the Defendant are described in a "Remittance Invoice" dated June 15, 2017, attached hereto as Exhibit A.

10. Plaintiff paid the Defendant $133,469.25 for the truSculpt device.

11. The Cutera truSculpt is a Radio Frequency (RF) device.

12. The truSculpt RF energy is intended to provide topical heating for the purpose of elevating tissue temperature for the treatment of certain medical conditions.

13. Additionally, the 2MHz setting (Circumference Reduction Mode) for the 40cm hand piece is indicated for the temporary reduction in the circumference of the abdomen.

14. The truSculpt device is intended to provide a temporary reduction in the appearance of cellulite.

15. Dr. Satchi and a nurse in his office were trained and certified in the use of the truSculpt device by a representative of Cutera.

16. All Candlewood patients treated with the truSculpt device were treated in accordance with the treatment guidelines established by Cutera.

17. The truSculpt device uses a return pad which is to be adhered to the patient's back or another portion of the body at least 10 inches away from the treatment area.

18. On three occasions, Dr. Satchi and/or a nurse in his office applied a return pad to patients' body in accordance with Cutera's treatment guidelines and operator's manual.

19. Following treatment with the truSculpt device, three patients sustained significant burns where the return pad was adhered.

20. Other patients complained that the truSculpt treatment was very painful and that they saw no results.

21. As a result, the Defendant has stopped using the truSculpt device and refunded money paid by patients for the treatment.

22. Defendant attempted to return the device, but Cutera has refused to accept its return.

23. Plaintiff has verbally and in writing requested the purchase agreement (if one was entered into) and warranty information from Cutera. Cutera has failed to provide the purchase agreement and warranty information.

24. The truSculpt device did not perform as it is intended, injured patients and failed to provide satisfactory results.

25. Plaintiff has attempted to return the device. Defendant has refused to take the device back and/or offer a refund.

### COUNT I: BREACH OF CONTRACT

26. Plaintiff re-alleges and incorporates by reference herein the allegations contained in Paragraphs 1 through 25 above, as if fully set forth herein.

27. On or about June 15, 2017, Plaintiff and Defendant entered into an agreement for the purchase and sale of the truSculpt device.

28. Plaintiff performed all conditions, covenants and promises of the parties' Agreement.

29. As an implied term of the Agreement, Defendant had a duty of good faith and fair dealing to refrain from any action that would injure Plaintiff's rights to receive the benefits of the parties' Agreement and to refrain from any act that would render the performance of the Agreement impossible.

30. The Defendant breached the parties' Agreement by providing a defective and unusable device; refusing to accept its return; and refusing to reimburse the purchase price.

31. As a result of the Defendant's breach of the parties' Agreement, the Plaintiff has suffered and continued to suffer damages in an amount of not less than $133,469.25.

### COUNT II: BREACH OF UNIFORM COMMERCIAL CODE, C.G.S.A. § 42A-2-607

32. Plaintiff re-alleges and incorporates by reference herein the allegations contained in Paragraphs 1 through 25 above, as if fully set forth herein.

33. On or about June 15, 2017, Plaintiff and Defendant entered into a Purchase Agreement for the purchase and sale of the truSculpt device.

34. The truSculpt device as delivered was a nonconforming or substantially nonconforming good, in breach of the parties' Agreement.

35. Plaintiff provided Defendant with timely notice that the truSculpt device was a nonconforming or substantially nonconforming good.

36. Defendant refused to accept return of the nonconforming or substantially nonconforming good in breach of the Agreement.

37. As a result of the Defendant's breach of the parties' Agreement, the Plaintiff has suffered and continued to suffer damages in an amount of not less than $133,469.25

### COUNT III: BREACH OF UNIFORM COMMERCIAL CODE, C.G.S.A. §§ 42A-2-314, 42A-2-315

38. Plaintiff re-alleges and incorporates by reference herein the allegations contained in Paragraphs 1 through 26 above, as if fully set forth herein.

39. On or about June 15, 2017, Plaintiff and Defendant entered into a Purchase Agreement for the purchase and sale the truSculpt device.

40. As an implied term of the Agreement, Defendant made a warranty that the truSculpt device would be merchantable and/or fit for the purpose required.

41. Defendant breached those implied warranties in that the truSculpt device was not merchantable or fit for the purpose required.

42. As a result of the Defendant's breach of the parties' Agreement, the Plaintiff has suffered and continued to suffer damages in an amount of not less than $133,469.25

## COUNT IV: BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

43. Plaintiff re-alleges and incorporates by reference herein the allegations contained in Paragraphs 1 through 26 above, as if fully set forth herein.

44. On or about June 15, 2017, Plaintiff and Defendant entered into an agreement for the purchase and sale of the truSculpt device, under which Plaintiff reasonably expected to receive certain benefits, including but not limited to the receipt of a properly functioning truSculpt device; that the truSculpt device would be safe when used as directed; and/or that the device would result in a temporary reduction in the appearance of cellulite on Plaintiff's patients.

45. The Defendant acted in bad faith by providing a defective and unusable device; refusing to accept its return; failing to provide a copy of the purchase agreement (if one exists) and the warranty information; and refusing to reimburse the purchase price.

46. Defendant's bad faith actions injured Plaintiff's right to receive some or all of the reasonably expected benefits described above.

47. As a result of the Defendant's bad faith, the Plaintiff has suffered and continued to suffer damages in an amount of not less than $120,919.25.

## COUNT V: VIOLATION OF CONNECTICUT'S UNFAIR TRADE PRACTICES ACT, C.G.S.A. § 42-110a, et seq.

48. Plaintiff re-alleges and incorporates by reference herein the allegations contained in Paragraphs 1 through 47 above, as if fully set forth herein.

49. On or about June 15, 2017, Plaintiff and Defendant entered into a Purchase Agreement for the purchase and sale of the truSculpt device.

50. At all times alleged, Plaintiff was in a consumer relationship with Defendant.

51. At all times alleged, Defendant engaged in unfair and/or deceptive acts and practices in its dealings with the plaintiff, including but not limited to selling a defective truSculpt device; refusing to honor its obligations under the Purchase Agreement; refusing to accept return of the truSculpt device; refusing to provide a copy of the purchase agreement and warranty information; and/or making false claims regarding the safety of the truSculpt device.

52. Defendants unfair and/or deceptive acts and practices violated Connecticut's Unfair Trade Practices Act (CUTPA), C.G.S.A. § 42-110a, et seq., in that they

    (a) offend public policy as established by the rules, regulations, and statutes of Connecticut;

    (b) are immoral, unethical, oppressive, and/or unscrupulous; and/or

    (c) caused substantial injury to Plaintiff as a consumer.

53. Defendant's violations of CUTPA caused Plaintiff to suffer damages.

54. As a result of Defendant's violation of CUTPA, the Plaintiff has suffered and continued to suffers ascertainable damages in an amount of not less than $133,469.25

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment against Cutera, Inc. and the following relief:

A. compensatory damages;

B. actual damages pursuant to Conn. Gen. Stat. § 42-110g(a); punitive damages pursuant to Conn. Gen. Stat. § 42-110g(d); reasonable attorneys' fees and costs pursuant to Conn. Gen. Stat. § 42-110g(d); and

C.    other such relief as is just and proper.

## Jury Demand

The Plaintiff respectfully demands a trial by jury on all issues so triable.

        THE PLAINTIFF,
        CANDLEWOOD AESTHETICS MED SPA &
        LASER CENTER

By: *Thomas N. Lyons*
    Thomas N. Lyons (ct26937)
    tlyons@danaherlagnese.com
    DANAHERLAGNESE, P.C.
    21 Oak Street, Suite 700
    Hartford, CT 06106
    Phone: (860)247-3666
    Fax: (860)547-1321